DLD-090                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4049
_____

ROBERT MARQUIS RAMEY,
Appellant

v.

JOHN A. REILLY, JR., Superintendent;
DONNA MELLOW, Asst. Superintendent;
DR. RONALD PHILLIPS, Medical Director;
N. SMITH, Health Service Administrator;
E. ASANTE, Grievance Coordinator;
KELLY MULLAN, Physician Assistant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-01461)
District Judge:  Honorable Edward G. Smith

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 5, 2017
Before:  CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Robert Marquis Ramey appeals, pro se and in forma pauperis, the District Court's final order granting one Defendant's motion for summary judgment, and dismissing the claim against the remaining Defendant under 28 U.S.C. § 1915(e)(2)(B). Because no substantial question is presented, we will summarily affirm the judgment.

Ramey alleges that in September 2013, while an inmate at the George W. Hill Correctional Facility, he injured his ankle and back while climbing out of his bunk bed. When initially examined by medical staff, he denied any injury, although he stated that it was difficult to lift his right leg. A subsequent examination revealed "prominent swelling." The ankle was x-rayed and Ramey was given a splint and stayed in the medical unit for a week. One week later, Dr. Phillips, a named Defendant, noted that the ankle was stable and no longer swollen. Ramey left the medical unit and was given a bottom bunk pass so jumping down from bed would no longer be required. Ramey filed a sick call for a back injury the next month, and was prescribed Motrin and analgesic balm. He then filed an inmate grievance in November, stating that he could not walk and needed medical treatment. The grievance was denied and a warden advised Ramey to make a sick call if he was in pain. Ramey filed another grievance in January, stating that the treatment he received in September was "no help" and he believed he cracked a vertebrae. This grievance was denied, and Ramey made no sick calls until a year later, for an unrelated issue.

Ramey then filed the present suit, which the District Court construed as alleging a constitutional violation for deliberate indifference to a serious medical need under 42

U.S.C. § 1983 against members of the prison staff. The District Court initially screened the complaint and dismissed his claims without prejudice. Ramey amended his complaint, and named the same Defendants plus an unnamed physician and physician's assistant. After a phone conference, the District Court dismissed all but two of the remaining Defendants – leaving only Dr. Phillips and Kelly Mullan, a physician's assistant.[1] Dr. Phillips moved for summary judgment. The District Court granted Dr. Phillips' motion for summary judgment and dismissed the claim against Defendant Kelly Mullan, who has not been served, pursuant to 28 U.S.C. § 1915(e)(2)(B). Ramey timely appealed.

This Court has jurisdiction under 28 U.S.C. § 1291, and reviews de novo the District Court's decision to grant summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). While viewing the facts in a light most favorable to the nonmoving party, Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993), we will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We likewise review de novo the District Court's sua sponte dismissal for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

---

[1] We note that the dismissal of the initial four Defendants for failure to state a claim upon which relief may be granted was appropriate.

3

Summary judgment is appropriate because the undisputed material facts reveal no constitutional violation. To succeed on an Eighth Amendment claim, a plaintiff must show "acts or omissions by prison officials that indicate deliberate indifference to [a serious medical] need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference occurs when the defendant has knowledge of the need for medical care and intentionally refuses to provide it, exposing the inmate to "undue suffering or the threat of tangible residual injury." Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotations omitted). Mere disagreement with a prescribed treatment, however, is not an actionable constitutional violation. Id.

The record's description of Ramey's treatment by Dr. Phillips forecloses his claim of deliberate indifference. See Fed. R. Civ. P. 56(a). Dr. Phillips treated Ramey each time he requested it, either in connection with the ankle and back injuries he alleges he suffered as a result of the accident or otherwise. Ramey presents no facts showing his requests for treatment went unanswered, nor does he allege denial or delay in care when he submitted sick call requests. Ramey asserts that he was prescribed "nothing" for his back. The record, however, belies this assertion. Ramey was given ibuprofen and balm on at least two occasions, and was housed in the medical unit for a week following his accident. The record demonstrates that Dr. Phillips prescribed medication and rest in order to alleviate Ramey's pain and suffering; accordingly, no viable claim for deliberate indifference may be stated, and Dr. Phillips is entitled to summary judgment.

4

Furthermore, while Ramey may disagree with the treatments prescribed, such disagreement is insufficient to state an actionable constitutional claim. See Lanzaro, 834 F.2d at 346.

We note that Ramey asserts, in his argument in support of the appeal, that Defendants have withheld the "Unit 4 daily log" despite his requests in the District Court. We fail to see how such information would be relevant where the record establishes Ramey's sick calls, treatment, and grievances. In any event, it was within the District Court's discretion to deny the discovery requests and enter summary judgment. See Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000). Because Ramey has failed to state a claim for violation of his Eighth Amendment rights, summary judgment was proper. Cf. Natale, 318 F.3d at 582-83.

The District Court also properly dismissed the claim against Mullan. See 28 U.S.C. § 1915(e)(2)(B). The record reveals Mullan saw Ramey once at his initial medical visit after injuring his ankle. She observed Ramey overnight and followed up with Dr. Phillips in the morning. After considering the entirety of the record, the District Court determined that Ramey failed to state a claim for deliberate indifference. This conclusion was supported by the record. In addition, Ramey has had ample opportunity to develop the record. Therefore, after concluding that no claim has been stated, denying leave to amend was also proper. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we will summarily affirm the District Court's order.

<u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.